KENNETH PARKINSON (6778), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
Provo, Utah 84606
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
ParkinsonK@ProvoLawyers.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| KRISTEN BURGI,<br><br>Plaintiff,<br><br>vs.<br><br>AWOLF FITNESS, LLC dba ORANGE THEORY FITNESS,<br><br>Defendant. | **MOTION TO EXTEND FACT DISCOVERY**<br><br><br>Case No. 2:19-cv-00151 CMR |

Plaintiff, Kristen Burgi, by and through counsel, submits this Motion to Extend Fact Discovery pursuant to F.R.C.P. 6 based on excusable neglect.

### RELIEF REQUESTED

Plaintiff requests that the Court extend fact discovery by 45-60 days because Defendant will suffer little prejudice, there will be little delay in the overall proceedings, and Plaintiff did not act in bad faith. Additional time will allow the defendant to conduct any discovery it deems necessary to defend the case and it will allow plaintiff the time needed to take the depositions she requested in May.

## ARGUMENT

Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993). "Excusable neglect" under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Id.* The court considers several factors in determining what actions constitute excusable neglect. These factors are: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

1.     **There is Little Danger of Prejudice to Defendant And The Delay in Discovery Will Lead to Little Delay in the Judicial Proceedings..**

In many cases, prejudice to the other party is measured by the delay caused in the judicial proceeding. *RMA Ventures v. SunAmerica Life Ins.*, No. 2:03-CV-740, 2007 WL 4206952, at *2 (D. Utah Nov. 26, 2007). The delay in extending fact discovery in this case will have little impact on the judicial proceedings as a whole due to the adjusted schedule of the COVID-19 pandemic. Generally, delays of two months have been found to be "relatively innocuous." *Alsbrooks v. Collecto, Inc.*, No.

10-2271-JTM, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010). Expert discovery in this case is still ongoing until September, and no trial date has been set. In addition to this general rule, this Court has continued all civil trials until August, creating a back-log of cases. *See General order 20-017*. This means that a trial in this matter would be scheduled some time at the end of the year, if not later, due to the pandemic. Plaintiff is asking for a 60 day extension to the fact discovery deadline, which would extend fact discovery into September, leaving ample time to prepare for a trial at the end of the year.

Additionally, Defendant is also not prejudiced by an extended fact discovery because Defendant will have time to respond to any disclosures and schedule depositions. It will also not result in additional financial burdens on the Defendant, since discovery was expected in this case.

**2.     The Delay was Caused By Inadvertent Miscommunications and Not Done in Bad Faith.**

Generally,  inadvertent delays in filing may qualify as excusable neglect in certain situations. See *Griffin v. Suthers*, 156 Fed. Appx. 66, 72 (10th Cir.2006) (citing Pioneer, 507 U.S. at 391–92). In determining the reason for delay and a good faith basis of such a reason, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents. *White v. O'Dell Indus., Inc.*, No. 99–2315–JWL, 2000 WL 127267, at *2 (D.Kan. Jan. 14, 2000)(excusable neglect when there was a miscommunication within the attorney's office about the due date coupled with the attorney's unfamiliarity with the local rules),

*Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010); *See also*, e.g., *Brown v. Fisher*, 251 Fed. Appx. 527, 533 (10th Cir.2007) (excusable neglect where complaint delivered to administrative assistant not authorized to accept on defendant's behalf); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir.1988) (excusable neglect where counsel overlooked summary judgment motion delivered in stack of other documents); *Espy v. Mformation Technologies,* 2009 WL 2912506 at *11 (excusable neglect when paralegal did not check certificate of service for admission requests delivered by hand and erroneously added three days when calendaring response deadline); *Law v. Bd. of Trs. of Dodge City Cmty. Coll.*, 08–1212–JTM–DWB, 2008 WL 5120037, at *2 (D.Kan. Nov. 26, 2008) (excusable neglect when counsel timely dictated discovery responses which were not timely typed because of staffing issues).

Here, Plaintiff did not act in bad faith. Rather, Plaintiff's failure to submit initial disclosures was due to a mishandling of documents and internal miscommunication. While Plaintiff clearly failed to submit her initial disclosures, counsel for Plaintiff believed initial disclosures had been submitted before the deadline and was on vacation when opposing counsel reminded counsel for Plaintiff of the missed filing. The Court should find the neglect in this case to be excusable as it was inadvertently done and not done with any malintent or bad faith.

///

///

**CONCLUSION**

Plaintiff respectfully requests the Court to grant a 60 day extension on fact discovery in this case because there is little prejudice to Defendant, no major delay in the proceedings due to the pandemic, and no bad faith on the part of the Plaintiff for missing the deadline.

DATED this __27th__ day of July 2020.

/s/ KENNETH PARKINSON
KENNETH PARKINSON, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on the following by electronic filing on July 27, 2020.

Kurt Laird
Anderson / Hinkins
Attorneys for Defendant

/s/ Julie Heelis
Secretary