KURT W. LAIRD (13783)
ANDERSON | HINKINS
881 Baxter Drive
South Jordan, Utah 84095
T: (801) 930-0290
F: (888) 381-9657
kurt@andersonhinkins.com
*Attorney for Awolf Fitness, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTEN BURGI,<br><br>Plaintiff,<br><br>v.<br><br>AWOLF FITNESS, LLC,<br><br>Defendant. | **MEMORANDUM OPPOSING MOTION TO EXTEND FACT DISCOVERY**<br><br>Case No.: 2:19-cv-00151-CMR |

Plaintiff's untimely motion to "extend" fact discovery should be denied because she has failed to show good cause or excusable neglect. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Under rule 6(b) of the Federal Rules of Civil Procedure, the court may extend discovery for good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b). The Tenth Circuit has held that courts should weigh six factors when considering whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d at 169. Here, Plaintiff only addressed two of these factors in her motion and her analysis of the same was conclusory and incomplete.

Fact discovery closed in this case on June 5, 2020.[1] Thus, Plaintiff's motion is really a request to reopen fact discovery, not extend it. As for the first factor, the pretrial hearing set for the purpose of scheduling a trial was canceled after Defendant filed a motion to dismiss, but if the motion is not granted, a trial should be set forthwith.[2] Nonetheless, because of delays related to the ongoing pandemic, the first factor may cut in favor of Plaintiff's motion.

All but one of the remaining factors cut against Plaintiff's motion. Defendant opposes this motion and would suffer prejudice if fact discovery were reopened. Defendant is no longer in business. It employees and owners have moved on. In fact, its owners live out of state. Reopening fact discovery would require Defendant to incur additional fees responding to Plaintiff's untimely discovery requests and would lengthen out this meritless case even further.

As for the fourth factor, Plaintiff has been anything but diligent in obtaining discovery within the guidelines agreed upon by the parties and ordered by the court. In the nearly eighteen months since filing her complaint, Plaintiff has failed to complete her initial disclosures and failed to conduct any fact discovery. Only one month before fact discovery was set to end, Plaintiff asked Defendant for a 45-day extension for fact discovery. Defendant agreed to Plaintiff's request in writing and notified her of her failure to provide initial disclosures. Yet, Plaintiff did nothing during the additional time allowed by Plaintiff to complete her disclosures or to obtain discovery. And, Plaintiff

---

[1] *See* Scheduling Order dated December 5, 2019. If the additional 45 days requested by Plaintiff is included in the calculation, the discovery cutoff would be July 20, 2020.
[2] If its pending motion to dismiss is denied, Defendant reserves the right to file additional dispositive motions, including a motion for summary judgment, before trial.

failed to timely bring a motion to amend the scheduling order before fact discovery expired.

As for the fifth factor, in its scheduling order, the court allowed for about seven months of fact discovery in what is a straightforward and simple case with two parties and two alleged claims.[3] Defendant then agreed, at Plaintiff's request, for an additional 45 days of fact discovery. After having done nothing during the time allowed by the court or the extension agreed to by Defendant, Plaintiff now asserts after fact discovery has closed that she can complete all of her fact discovery within 45-60 days. Plaintiff has always borne the burden of proof for her two alleged claims in this case. Plaintiff knew or should of known of her burden since March 2019 when she filed her complaint. If, as she asserts, 45-60 is enough to complete all necessary fact discovery in this matter, then clearly, the court has already allowed more than enough time for discovery.

Finally, additional discovery might lead to "relevant evidence," because Plaintiff has failed to produce or discover *any* evidence heretofore. Plaintiff has not articulated what evidence she intends to seek. But, whatever evidence might be discovered will certainly not support Plaintiff's claims. Plaintiff brought her claims because she was upset that she lost her job, and she was terminated for legitimate reasons such as, ironically, repeated tardiness. Plaintiff has no evidence in support her claims and perhaps, for that reason, has disclosed none. Allowing additional discovery will not change these facts.

For at least the foregoing reasons, Plaintiff's motion should be summarily denied.

---

[3] Plaintiff did not submit a proposed scheduling order until about nine months after filing her complaint and only after this Court issued an order to show cause.

Dated this 10th day of August 2020.

ANDERSON | HINKINS

/s/ Kurt W. Laird
Kurt W. Laird
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2020, I electronically filed the foregoing **MEMORANDUM OPPOSING MOTION TO EXTEND FACT DISCOVERY** and caused it to be served via the Court's EM/ECF System to the following:

Kenneth Parkinson
Howard Lewis & Petersen
120 E 300 N
Provo, UT 84606
parkinsonk@provolawyers.com

/s/ Kurt W. Laird