IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTEN BURGI,<br><br>                Plaintiff,<br>v.<br><br>AWOLF FITNESS,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [18] DEFENDANT'S MOTION FOR SANCTIONS AND DENYING [24] PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY<br><br>Case No. 2:19-cv-00151-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings, including entry of final judgment (ECF 10). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant Awolf Fitness's (Defendant) Motion for Sanctions (ECF 18) seeking dismissal of this case for Plaintiff Kristen Burgi's (Plaintiff) failure to provide initial disclosures. Also before the court is Plaintiff's Motion to Extend Fact Discovery (Fact Extension Motion) (ECF 24) based on excusable neglect. On October 16, 2020, the court heard argument on both motions, took them under advisement, and ordered the parties to submit supplemental declarations (ECF 29). Having carefully considered the arguments of the parties as well as the relevant filings and case law, the court enters the following Memorandum Decision and Order.

### I.  BACKGROUND

On March 5, 2019, Plaintiff initiated this action asserting claims for gender discrimination and unlawful retaliation against Defendant (ECF 1). On May 2, 2019, Plaintiff's counsel scheduled an attorney planning meeting with Defendant's counsel for May 24, 2019, but Plaintiff's counsel failed to initiate the call as agreed (ECF 18 at 2, Ex. A at 8–9). On May 3,

2019, the court ordered Plaintiff to propose a schedule in the form of an attorney planning meeting report to Defendant (ECF 11). Over six months passed, and Plaintiff failed to comply with this Order. On November 25, 2019, the court issued an Order to Show Cause ordering Plaintiff to file a response explaining why the case should not be dismissed for failure to prosecute (ECF 13). On December 5, 2019, Plaintiff submitted a response claiming he "missed the call" in May 2019 and inadvertently failed to reschedule it (ECF 15). Plaintiff also submitted an attorney planning meeting report (ECF 14), and as stipulated by the parties, the court entered a Scheduling Order setting the deadlines for initial disclosures on December 20, 2019, fact discovery on June 5, 2020, and dispositive motions on July 10, 2020 (ECF 16 at 2).

The deadline for submitting initial disclosures expired, and Plaintiff failed to submit initial disclosures to Defendant. Five months later, on May 5, 2020, Plaintiff's counsel sent an email to Defendant's counsel requesting the scheduling of depositions and an extension of the fact discovery deadline by 45 days (ECF 18, Ex. B, at 11–12). Defendant's counsel responded on May 14, 2020 agreeing to the extension, reminding Plaintiff that Defendant never received a calculation of damages (as required in initial disclosures) nor "any evidence in support of [Plaintiff's] claims," and asking if Plaintiff's counsel would be prepared to travel to Arizona for the requested depositions (*Id.*). The deadline for fact discovery expired soon after, and Plaintiff neither responded to Defendant nor filed a motion with the court to extend the fact discovery period or otherwise modify the Scheduling Order.

On July 8, 2020, before the deadline for dispositive motions, Defendant filed the instant Motion for Sanctions arguing that Plaintiff's failure to submit initial disclosures warrants dismissal of this case with prejudice and an award of attorney's fees (ECF 18). In response, on July 27, 2020, Plaintiff filed an opposition (ECF 23) and the instant Motion to Extend Fact

Discovery requesting a 60-day extension of the fact discovery deadline to conduct depositions (ECF 24). In the opposition, Plaintiff asserted that the initial disclosures were substantially prepared and "inadvertently" not provided to opposing counsel (ECF 23 at 4), yet Plaintiff's counsel at the hearing and Plaintiff's counsel's assistant in her supplemental affidavit both asserted a belief that initial disclosures had been submitted by the assistant on July 27, 2020 (ECF 29; ECF 31). And yet in another pleading, the Fact Extension Motion, Plaintiff argues there was no bad faith because Plaintiff's counsel believed initial disclosures had been submitted *before* the initial disclosure deadline, which was December 20, 2019, however, he was on vacation when Defendant reminded him of the missing disclosures in May 2020 (ECF 16; ECF 24 at 4).

At the hearing, Defendant's counsel disputed the assertion that initial disclosures were provided before the deadline, claiming that Plaintiff's counsel acknowledged the missing disclosures in an email on January 3, 2020 (ECF 29). The court ordered Defendant's counsel to submit a supplemental declaration "addressing the January 3, 2020 email regarding initial disclosures and any other pertinent emails from counsel for Plaintiff" (*Id.*). Defendant's counsel also represented that he did not receive initial disclosures until a half hour before the October 16, 2020 hearing (*Id.*). The court ordered Plaintiff's counsel to submit a supplemental declaration "addressing whether his secretary can confirm that the initial disclosures were sent on July 27, 2020 and whether there is any verification of that" (*Id.*).

Both parties submitted their respective supplemental declarations (ECF 30; ECF 31). Defendant's counsel attached email correspondence to his supplemental declaration showing that Defendant provided initial disclosures on December 20, 2019, and in response, on January 3, 2020, Plaintiff's counsel apologized for not calendaring the initial disclosures date correctly and

3

promised to provide them the following week (ECF 30, Ex. A, at 6–7). Defendant also submitted email corresponding showing that on October 15, 2020, Defendant's counsel emailed to remind Plaintiff of her disclosure obligations, and in response, on October 16, 2020, Plaintiff's counsel responded by providing initial disclosures and claiming that his records show that they were sent in July (*Id.*, Ex. B, 10–11). Defendant's counsel searched his email and mail correspondence and did not find any proof that Plaintiff sent initial disclosures in January, July, or any time before October 2020 (*Id.* at 2).

Plaintiff's counsel did not submit his own supplemental declaration and instead submitted an affidavit from his assistant who stated, "I believe we mailed initial disclosures on July 27, 2020" (ECF 31 at ¶ 8). In support of this belief, she attached exhibits that show a document with the title "Pls Init Discl 2020103" was converted to pdf format at 4:04 p.m., an associate attorney sent an email indicating that she "looked through the IDs in Burgi and made some slight changes" and saved the document as a PDF at 4:06 p.m., and the production was combined into a single pdf file at 5:13 p.m., consistent with their longstanding practice of preparing initial disclosures for mailing between 5:00 and 5:30 p.m. (*Id.* at ¶ 18, Ex. 1–3). Though the certificate of service in Plaintiff's initial disclosures states that they were served by email and mail on July 27, 2020 (*Id.* at ¶ 18), no email correspondence or proof of mailing was provided to verify this nor was a copy of the actual initial disclosure pleading produced.

## II. DISCUSSION

### A. Defendant's Motion for Sanctions

Federal Rule of Civil Procedure 37(c)(1) addresses a party's failure to submit initial disclosures, providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Rule 37(c)(1) inquiry is within the broad discretion of the district court and should be based on consideration of the *Woodworker's* factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC v. Preferred Product Placement Corporation*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

Federal Rule of Civil Procedure 37(b)(2) becomes relevant "where the exclusion of evidence carries the force and effect of dismissal." *Id.* at 1203. Rule 37(b)(2) permits the district court to issue "[a]n order . . . dismissing the action," or other sanctions, "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Before imposing dismissal as a sanction, the court should consider the *Ehrenhaus* factors: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *HCG Platinum, LLC*, 873 F.3d at 1203 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (additional citations and internal quotation marks omitted)). In particular, the court should "carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile." *Id.* at 1206.

The parties addressed only the *Woodworker's* factors in their briefing. In light of Defendant's request for dismissal as a sanction, the court raised the issue of whether exclusion

5

would have the force and effect of dismissal at the hearing. Plaintiff argued that it would not because even if all witnesses and documents in her initial disclosures are excluded, she could still submit her own affidavit in support of her claims. Defendant responded that this would be insufficient to survive summary judgment or prevail at trial and that exclusion would render her unable to prove her claims or damages. The court agrees and finds that exclusion of evidence in Plaintiff's initial disclosures in this case would carry the force and effect of dismissal of her claims. The court will therefore focus its analysis on the *Ehrenhaus* factors, which the parties addressed at the hearing.

1. Degree of Actual Prejudice to Defendant

Plaintiff argues that calling her witnesses would not prejudice Defendant because Defendant's initial disclosures named four of the seven witnesses listed by Plaintiff and all of the listed witnesses were employees of Defendant. Defendant responds that the case has been pending for nearly two years, and potential witnesses are now unavailable or difficult to reach because Defendant has gone out of business. Defendant also points to the attorney's fees incurred in defending this case despite being insolvent. Courts have found prejudice where a party's conduct causes "substantial delays in the final resolution of the substantive claims." *Xyngular Corporation v. Schenkel*, 200 F. Supp. 3d 1273, 1321 (D. Utah 2016); *see also QSG, Inc. v. Schlittler*, No. 2:11-cv-871-TC, 2014 WL 5742656, at *4 (D. Utah Nov. 5, 2014) (finding significant prejudice because the case "is more than three years old, yet it has not progressed beyond the discovery stage"). Prejudice is also shown when the opposing party "incurred otherwise unnecessary attorneys fees in its attempt to move the case forward," such as by bringing motions for sanctions. *See QSG*, 2014 WL 5742656, at *4.

The court agrees that Plaintiff's failure to timely provide initial disclosures caused substantial delays in this case. The evidence shows that initial disclosures were not provided to Defendant until October 2020, nearly a full year after they were due and months after the close of fact discovery and the dispositive motion deadline. The court finds that Plaintiff failed to provide sufficient verification that initial disclosures were sent before October 2020, such as emails or proof of mailing, while Defendant provided emails showing that they were sent on October 16, 2020, the day of this court's hearing. Even if the initial disclosures were sent on July 27, 2020, as Plaintiff claims, this date is still after the deadlines for fact discovery and dispositive motions. Had Plaintiff provided initial disclosures by the court-ordered deadline, the parties would have likely progressed beyond the discovery stage and moved toward the dispositive motion stage by October 2020 when they were finally provided. Instead, the case has stalled at the initial pleading stage for nearly two years. This delay has significantly prejudiced Defendant because it has since gone out of business, employee witnesses are likely no longer available, and it has unnecessarily incurred attorney's fees in attempting to move the case forward. For these reasons, the court finds that this factor weighs in favor of dismissal as a sanction.

2. Amount of Interference with the Judicial Process

Plaintiff asserts that there is little interference with the judicial process due to COVID-19 delays. Defendant notes that Plaintiff's initial disclosures were due well before the start of the COVID-19 pandemic. Defendant also notes that due to the failure to provide initial disclosures, Defendant was not able to adequately prepare its defenses and fact discovery is now over. "A party interferes with the judicial process when it fails to abide by discovery orders." *See Celtig v. Patey*, No. 2:17-cv-01086-JNP-EJF, 2019 WL 4563887, at *5–6 (D. Utah Aug. 19, 2019)

(citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)) (noting that if the defendants had complied with discovery, the case "would be nearing resolution on the merits rather than in motion practice regarding contempt and terminating sanctions"); *see also Taylor v. District of Colorado Safeway, Inc.*, 116 F. App'x 976, 978 (10th Cir. 2004) (finding that "[t]he judicial process essentially grounded to a halt" due to the plaintiff's "failure to comply with even the basic disclosures of Rule 26(a)" and refusal to "respond to either the defendant's requests or the district court's orders").

Although the court acknowledges that the COVID-19 pandemic has led to significant disruptions to business operations for attorneys and the suspension of jury trials in this court, Plaintiff's initial disclosures were due in December 2019, well before these disruptions began. Moreover, nothing prevented Plaintiff from filing timely requests for extensions of time for initial disclosures or fact discovery. While Plaintiff did make an informal request to Defendant for an extension of the fact discovery period, Plaintiff failed to follow through with this request by filing a motion for extension of time or motion to modify the schedule with the court. The deadlines in the Scheduling Order (ECF 16) therefore remained unchanged. One-by-one these court-ordered deadlines passed, and Plaintiff's failure to comply and prosecute her case continued. In addition to the failure to provide initial disclosures, there is no evidence that Plaintiff served written discovery requests or followed through with scheduling depositions of fact witnesses despite Defendant's responsiveness and willingness to move this case toward resolution. Plaintiff's failure to meet her burden to prosecute this case by failing to comply with court-ordered deadlines—especially the deadline for initial disclosures—interfered with Defendant's ability to adequately prepare its defenses, and as explained above, grinded this case to a halt. The court finds that Plaintiff's failure to comply with the deadlines in the Scheduling

Order or otherwise prosecute her case caused significant interference with the judicial process. This factor therefore also weighs in favor of dismissal sanctions.

### 3. Culpability of Plaintiff

Plaintiff has made multiple assertions in this case as it concerns initial disclosures. Initially in the opposition, Plaintiff admitted the initial disclosures were inadvertently not provided to Defendant, then at the hearing he argued his assistant sent them and submitted an affidavit from her attesting the disclosures were likely sent on July 27, 2020, but in the Fact Extension Motion, Plaintiff asserts a belief that they were timely sent, which means they would have been sent in December 2019. Also, in the Fact Extension Motion, Plaintiff claims that the failure to provide initial disclosures was due to internal miscommunication and mishandling of documents, not bad faith. Defendant responds that Plaintiff has been dilatory since the beginning of the case and has repeatedly violated court orders.

A court "may dismiss a party's case for misconduct that abuses the judicial process." *Xyngular*, 200 F. Supp. 3d at 1301. However, "dismissal is appropriate only when the party seeking sanctions proves 'willfulness, bad faith, or some fault' by clear and convincing evidence." *Id.* (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)). The movant may make these showings using the following standards:

> Conduct amounts to bad faith if it shows intentional or reckless disregard of the rules. But actual ill will is not required; substantial and prejudicial obduracy or conduct that delays or disrupts the litigation can be enough. And fault concerns the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.

*Id.* at 1301–02 (citations and internal quotation marks omitted).

Here, the court agrees that Plaintiff's failure to comply with court orders and prosecute her case as described above is enough to show culpable conduct that both delayed and disrupted litigation. More significantly, Defendant provided evidence showing that on multiple occasions,

Plaintiff's counsel was not forthcoming with the court about his communications with Defendant's counsel, especially relating to if and when initial disclosures were actually provided or when he believed they were provided. Plaintiff's counsel alternatively argued that initial disclosures were substantially prepared but not provided and that they were both prepared and provided. During the hearing, Plaintiff's counsel claimed that he was not aware that initial disclosures had not been provided until Defendant filed its Motion for Sanctions in July 2020. However, Defendant provided evidence that Plaintiff was reminded of the missing disclosures in May 2020 (ECF 8, Ex. B, at 11–12). Plaintiff's Fact Extension Motion acknowledges this but claims that counsel did not provide them at that time because he was on vacation (ECF 24 at 4). Defendant also provided evidence of Plaintiff's counsel acknowledging as far back as January 2020 that initial disclosures had not been provided, yet Plaintiff did not provide them at that time either despite promising to do so (ECF 30, Ex. A, at 6–7).

In addition, while Defendant claimed that initial disclosures were not received until October 2020, Plaintiff insisted that initial disclosures were actually provided in July 2020 yet was unable to provide sufficient verification of this. An affidavit describing longstanding practices and providing screenshots of files is not sufficient to prove that the initial disclosures were actually emailed or mailed to Defendant. The court finds it telling that neither Plaintiff nor Defendant were able to find any email correspondence or proof of mailing showing that they were sent to Defendant when Plaintiff claims. Rather, Defendant provided evidence in the form of email correspondence showing that Plaintiff sent initial disclosures to Defendant in October 2020, a half hour before the hearing and after again being reminded of disclosure obligations (ECF 30, Ex. B, at 10–11).

Finally, though not related to initial disclosures, the first instance of this type of obfuscating behavior was when Plaintiff excused the failure to comply with the Order to Propose Schedule by claiming that counsel "missed the call" for the attorney planning meeting (ECF 15), implying an inadvertence in which both parties shared the blame.  However, Defendant provided evidence that the parties had agreed that Plaintiff would initiate the call (ECF 18, Ex. A at 8–9), yet Plaintiff failed to do so or acknowledge this unilateral failure to act.  Plaintiff also faulted Defendant for delays in scheduling the attorney planning meeting and depositions, yet Defendant provided email correspondence showing that Defendant sent timely responses to Plaintiff's requests for scheduling, but it was Plaintiff who failed to follow through (ECF 30, Ex. A–B).

Having considered Plaintiff's counsel's conduct from the beginning of the case and specifically the continued failure to provide initial disclosures, the court finds that Defendant has met its burden of showing bad faith by clear and convincing evidence.  The court does not make this finding lightly.  Despite Plaintiff's insistence that the failure to provide initial disclosures was inadvertent, the evidence shows a pattern of reckless disregard for the disclosure obligations under Rule 26 and substantial obduracy in denying responsibility for this misconduct.  Having sorted through Plaintiff's counsel's varied and often inconsistent excuses for failing to provide initial disclosures found in the briefings and argued at the hearing, the court finds that Plaintiff's conduct reflects an unreasonable insistence on excusing the failure to provide initial disclosures rather than taking responsibility for it.  Accordingly, the court finds that Plaintiff's culpability weighs in favor of dismissal sanctions.

    4.    <u>Warning in Advance</u>

Plaintiff argues that the court's Order to Show Cause (ECF 13) was insufficient advance warning of dismissal for failure to provide initial disclosures because it was related to failure to

submit an attorney planning meeting report. Defendant responds that Plaintiff was warned that the court would dismiss the case for failure to prosecute, yet Plaintiff continued to violate orders and fail to prosecute the case. The court agrees with Defendant. While the court's Order to Show Cause was directed at Plaintiff's failure to comply with the court's Order to Propose Schedule (ECF 11), it nonetheless put Plaintiff on notice that failing to comply with a court order can be grounds for dismissal for failure to prosecute. Despite this, Plaintiff repeatedly violated the court's Scheduling Order (ECF 16) by failing to comply with multiple deadlines therein, including the deadlines for initial disclosures, written discovery, fact discovery, and dispositive motions. Just like the failure to comply with the Order to Propose Schedule, these repeated failures to comply with the Scheduling Order are each a separate ground for dismissal of this case for failure to prosecute.

Plaintiff was also specifically put on notice that the failure to provide initial disclosures could result in dismissal when Defendant filed the instant Motion for Sanctions (ECF 18) in July 2020, yet Plaintiff still did not provide initial disclosures until October 2020. The court finds that Plaintiff was provided with sufficient advance warning that failing to comply with a court order or prosecute this case—such as by failing to provide initial disclosures—could result in dismissal, but Plaintiff failed to heed that warning. However, even if this warning was not specific enough to the failure to provide initial disclosures, the court notes that "the absence of a warning is not dispositive," *Xyngular*, 200 F. Supp. 3d at 1323, and the remaining factors weigh in favor of dismissal.

     5.    <u>Efficacy of Lesser Sanctions</u>

Plaintiff points to Defendant's failure to meet and confer before filing its Motion to argue that a dismissal sanction would be unjust. Defendant responds that the meet and confer

requirement under DUCivR 37-1 is inapplicable because there is no dispute that Plaintiff was required to provide initial disclosures under Rule 26. The court agrees with Defendant that Plaintiff's mandatory disclosure obligations under Rule 26 were not in dispute. *See* Fed. R. Civ. P. 26(a)(1)(A) ("[A] party must, without waiting a discovery request, provide to the other parties" initial disclosures). Moreover, any obligation to meet and confer was met because Defendant did discuss this issue with Plaintiff before filing its Motion for Sanctions, in both January and May 2020, yet Plaintiff's unjustified failure to provide initial disclosures continued.

Turning to the issue of lesser sanctions, the court should consider "whether the lesser sanction would remedy the harm to [the opposing party] and the judicial process, whether it would deter future misconduct by [the offending party] and future litigants, and whether it would appropriately punish [the offending party]." *Xyngular*, 200 F. Supp. 3d at 1323. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citation and internal quotation marks omitted). At the hearing, the court asked the parties about the efficacy of lesser sanctions, and they acknowledged that other options are limited, considering that the exclusion of evidence in Plaintiff's initial disclosures is tantamount to dismissal in this case. The court thus focuses its analysis on the efficacy of monetary sanctions as a lesser sanction.

Considering the significant prejudice to Defendant and interference with the judicial process caused by the substantial delay in providing initial disclosures, the court finds that "[a] monetary sanction would not sufficiently punish or deter this misconduct" and "would signal that litigants can circumvent the discovery process and still pursue their claims as long as they pay a fine." *See id.* at 1326. Courts have ordered dismissal as a sanction when a pro se plaintiff fails to comply with mandatory disclosure obligations. *See Wheeler v. American Heritage Bank*, 175

F. App'x 250, 251 (10th Cir. 2006); *Jimenez v. Stone*, 604 F. App'x 753, 754 (10th Cir. 2015). This misconduct is even more egregious and deserving of dismissal sanctions as punishment when a party is represented by counsel as in this case. Moreover, Plaintiff's counsel's failure to be forthcoming and acknowledge responsibility for this misconduct are aggravating factors that outweigh the judicial preference for resolving cases on the merits. For these reasons, the court finds that dismissal with prejudice is an appropriate sanction in this case.

In summary, because the majority of the *Ehrenhaus* factors weigh decidedly in favor of dismissal, the court hereby GRANTS Defendant's Motion for Sanctions (ECF 18) and ORDERS dismissal of this case with prejudice.

### B.   Defendant's Request for Attorney's Fees

With respect to Defendant's request for attorney's fees, Rule 37(c) provides that unless the failure to provide initial disclosures was "substantially justified or is harmless," the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). In light of the aggravating factors described above, the court finds that the failure to provide initial disclosures was neither harmless nor substantially justified. Because the facts indicate that this misconduct is primarily attributable to Plaintiff's counsel, Mr. Kenneth Parkinson, the court finds that Defendant is entitled to an award of reasonable attorney's fees and costs assessed against Mr. Parkinson. Accordingly, the court hereby GRANTS Defendant's request for attorney's fees for preparation of its Motion for Sanctions, supporting reply memorandum, and supplemental declaration as well as oral argument. The court ORDERS the parties to meet and confer regarding the amount of Defendant's fee award. If the parties are unable to reach an agreement on an amount, Defendant may file a fee affidavit within 15 days, and Plaintiff may file an objection within 10 days. After

receipt of those filings, the court will make a final determination regarding the amount of the fee award against Mr. Parkinson.

### C. Plaintiff's Motion to Extend Fact Discovery

Moving under Federal Rule of Civil Procedure 6, Plaintiff requests a 60-day extension of the fact discovery period arguing that excusable neglect is established because the delay was inadvertent and an extension would not prejudice Defendant (ECF 24). Plaintiff's request is moot in light of the court's dismissal of the case. In addition—as correctly noted by Defendant—because fact discovery has closed, Plaintiff's request is an attempt to re-open discovery, and Plaintiff has failed to meet the applicable standards (ECF 27).

Because the motion was submitted after the June 5, 2020 fact discovery deadline, Federal Rules 16(b)(4) and 6(b) are implicated. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Gallacher v. Falenla.com*, No. 2:18-cv-00945-DB-JCB, 2020 WL 4904081, at *2 (D. Utah Aug. 20, 2020) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

However, because the deadlines at issue already passed, Plaintiff also must establish that she failed to comply with the deadlines because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether the movant has demonstrated excusable neglect,

> the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith"

*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

Finally, as noted by Defendant, the court considers the following factors in determining whether to reopen discovery:

> 1) Whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  Weighing these factors, the court finds that though trial is not imminent and the discovery will likely lead to relevant evidence, the remaining factors weigh heavily against re-opening discovery, especially in light of the significant prejudice to Defendant and lack of diligence by Plaintiff as described above. Moreover, though Plaintiff addressed the excusable neglect standard under Rule 6(b) (ECF 24), Plaintiff failed to address the Rule 16 good cause standard or provide an explanation for the lack of diligence and therefore also failed to meet both of these standards.  Accordingly, the court hereby DENIES Plaintiff's Motion to Extend Fact Discovery (ECF 24).

### III.   CONCLUSION

In summary, IT IS HEREBY ORDERED that

1. Defendant's Motion for Sanctions (ECF 18) is GRANTED;
2. Plaintiff's Motion to Extend Fact Discovery (ECF 24) is DENIED; and
3. This action is dismissed with prejudice.

DATED this 25 February 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah